[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10588
Non-Argument Calendar
_____

D.C. Docket No. 6:91-cr-00007-WLS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM LARRY EASTERWOOD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 2, 2012)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

William Easterwood appeals his sentence of 60 months' imprisonment, imposed after the revocation of his supervised release, pursuant to 18 U.S.C. § 3583. Easterwood's term of supervised release was revoked after he admitted to having murdered three individuals, one of whom he was ordered not to have contact with by the probation office. The district court ordered that his revocation sentence be served consecutive to his three life sentences imposed by the state court for the murders.

On appeal, Easterwood argues for the first time that his sentence is substantively unreasonable and that the district court abused its discretion in failing to order his sentence to be served concurrently with the state sentences. The facts that formed the basis of the revocation are the same facts that formed the basis of the underlying state sentence, and since he received substantial punishment from the state sentence, the additional term imposed by the district court, based on identical conduct, is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

We review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). A defendant's sentence is examined for both procedural and substantive reasonableness under an abuse of discretion standard. *United States v. Ellisor*, 522

2

F.3d 1255, 1273 n.25 (11th Cir. 2008).

The party who challenges the sentence carries the burden of establishing that the sentence is unreasonable in the light of both the record and the factors in section 3553(a). *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). When sentencing a defendant upon revocation of supervised release pursuant to 18 U.S.C. § 3583(e), a district court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with training, medical care, or correctional treatment; (3) the Sentencing Guidelines' range; (4) pertinent Sentencing Commission policy statements; (5) the need to avoid unwarranted sentencing disparities among similarly situated defendants with similar records; and (6) the need to provide restitution to victims. *See* 18 U.S.C. § 3583(e) (providing that the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) when sentencing a defendant upon revocation of supervised release); 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7). Additionally, the sentence a court imposes must be sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2). 18 U.S.C. § 3553(a).

3

The policy statements regarding revocation in Chapter Seven of the Guidelines are merely advisory and not binding, but the district court is nevertheless required to consider them. *United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006).  The introduction to Chapter Seven provides that "at revocation the court should sanction primarily the defendant's breach of trust . . . . [and] the sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct."  U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b). The policy statements advise that a sentence resulting from a supervised release violation "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G. § 7B1.3(f).

Easterwood's sentence is not  substantively unreasonable. The district court both explicitly and implicitly considered the § 3553(a) factors when fashioning its sentence. Furthermore, Easterwood's argument, that a concurrent sentence was sufficient to punish his conduct, fails to acknowledge a goal of revocation sentences. The 60-month revocation sentence adequately reflects the breach of trust created after Easterwood made contact with an individual after being instructed not to by the probation office, and murdered that same woman along

4

with two others. Accordingly, we affirm his sentence.

**AFFIRMED.**